## Samuel E. Erickson, Appellee, v. Fred Miller Brewing Company et al., on appeal of Fred Miller Brewing Company, Appellant.

### Gen. No. 19,936. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 9, 1914. Rehearing denied and modified opinion refiled November 24, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Erickson v. Fred Miller Brewing Co., 189 Ill. App. 394.

## Statement of the Case.

Action in tort by Samuel E. Erickson against Fred Miller Brewing Company and Chicago Railways Company. The plaintiff had judgment against the defendant Brewing Company. To reverse the judgment, said Brewing Company appeals.

When the case was called for trial, the Brewing Company made a motion for a continuance, supported by an affidavit setting forth the absence of a witness, the material facts expected to be proved by him and the necessity of taking his deposition. The Railways Company, having no notice of the motion, was not represented at the hearing thereof. But plaintiff was present and admitted that the absent witness, if present, would testify as alleged in the affidavit, whereupon the court denied the motion, the order reading on "plaintiff's admittance."

When the Brewing Company offered the affidavit in evidence, it requested the court to give an appropriate instruction limiting the affidavit to the issue between it and the plaintiff and that it should not be considered as affecting the liability of the Railways Company. Plaintiff first objected to limiting the effect of the evidence and later joined with the Railways Company in objecting to its introduction at all. The court sustained the objections and the affidavit was excluded.

MILLER, GORHAM & WALES, for appellant.

C. HELMER JOHNSON and DANIEL BELASCO, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. CONTINUANCE, § 59*—*when affidavit admitted by adverse party erroneously excluded from evidence.* In an action against two

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendants, where one of the defendants made a motion for a continuance on the ground of an absent witness and the motion was denied upon plaintiff's admission that the absent witness, if present, would testify to the facts set forth in the affidavit filed in support of the motion, *held* that said defendant was entitled to the admission of the affidavit in evidence, so far as it was material to the issues between it and plaintiff, and that the court erred in excluding it on the ground that it would operate prejudicially against the other defendant.

2. EVIDENCE, § 103*—*rule as to admission of.* Where evidence is competent for any purpose it must be admitted, and if its application should be restricted that may be done by an instruction.